8/23/2016 3:28:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12323135
By: Monica Ovalle
Filed: 8/23/2016 3:28:00 PM

**2016-56273 / Court: 113**

NO. _____

| | | |
|---|---|---|
| ELEAZAR CANTU, JR. | § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eleazar Cantu, Jr., Plaintiff, complaining of State Farm Mutual Automobile Insurance Company, Defendant, and for cause of action shows the following:

**I.**

This Petition is being filed under Level 2 of Rule 190.3, as the damages are in excess of $100,000.00.

**II.**

Plaintiff is a resident of Houston, Harris County, Texas.

Defendant, State Farm Mutual Automobile Insurance Company is a foreign insurance company doing business in the State of Texas for the purpose of monetary profit and may be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

**III.**

Venue is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Harris County, Texas.

The Court has jurisdiction over this controversy because Plaintiff seeks damages within the jurisdictional limits of this Court.

IV.

Plaintiff would show this Court that on or about May 12, 2013, Jesus Gonzales was driving a truck in a negligent manner and under the influence of alcohol. The negligent acts and omissions of Jesus Gonzales caused Plaintiff to fall from the truck and sustain severe injuries. Plaintiff would also show that Jesus Rivera and Lucia Quiroga negligently entrusted the truck to Defendant Gonzales and provided alcohol to Defendant Gonzales and that these acts and omissions were a proximate cause of the incident made the basis of this action and the injuries sustained by Plaintiff. Plaintiff would show the Court that nothing he did or failed to do was in any way negligent or was the proximate cause of any injuries or damages that he sustained. Jesus Gonzales, Jesus Rivera and Lucia Quiroga did not have insurance coverage at the time of the incident.

At the time of the collision, Plaintiff had in full force and effect a policy providing underinsured motorist benefits issued by State Farm Mutual Automobile Insurance Company (State Farm). The express purpose of said auto policy is to pay benefits to Plaintiff in a situation such as this where the Tortfeasors do not have sufficient insurance. Plaintiff filed suit against Jesus Gonzales, Jesus Rivera and Lucia Quiroga and secured a Judgment in excess of $65,000.00. Defendant State Farm participated in the adjudication of the underlying claim and the entry of Judgment.

V.

At the time of the collision, Plaintiff had in full force and effect a policy providing underinsured/uninsured motorist ("UIM/UM") benefits issued by State Farm. The express purpose of said auto UIM/UM policy is to pay benefits to Plaintiff in a situation such as this where the

*EXHIBIT D*

tortfeasor does not have insurance or has insufficient insurance. Jesus Gonzales, Jesus Rivera and Lucia Quiroga did not have an auto insurance at the time of the wreck made the basis of this action. Justin Chandler uninsured.

## VIII.

## CAUSES OF ACTION

Breach of Contract

The conduct of State Farm (the failure to pay the claim within 30 days after the adjudication against Jesus Gonzales, Jesus Rivera and Lucia Quiroga) constitutes a breach of contract, specifically:

a. Defendant failed and/or refused to pay Plaintiff's claim promptly; and

b. Defendant failed and/or refused to evaluate and investigate Plaintiff's claim fairly.

Each of these acts constitute a breach of contract by Defendant which further entitles Plaintiff to an award of attorney's fees for bringing this action on a written contract within the meaning of Civil Practice and Remedies Code §38.001. All conditions precedent to recover under the policy of insurance have been performed or have occurred.

Violations of Texas Insurance Code

Defendant is guilty of unfair insurance practices in violation of the Texas Insurance Code, and the statutes, board rules, regulations and rules incorporated by provisions of such Texas Insurance Code. These practices have been a producing and proximate cause of Plaintiff's damages. Specifically, Defendant has engaged in conduct which violates provisions of Chapter 541 of the Texas Insurance Code as follows:

a. Defendant violated §541.060(a)(2)(A) by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Defendant violated §541.060(a)(3) by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.    Defendant violated §541.060(a)(7) by refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and

    d.    Defendant violated §541.060(a)(4) by failing to affirm or deny coverage of a claim.

Plaintiff reserves the right to amend further as discovery progresses. At present, Plaintiff will allege that Defendant knowingly committed the foregoing acts as that term is defined in §541.002(1) of the Texas Insurance Code. Because of Defendant's wrongful conduct, Plaintiff was forced to retain an attorney to protect his interests. Plaintiff is entitled to reasonable and necessary attorneys' fees incurred in the preparation, prosecution and appeal, if any, of this case pursuant to §541.152 of the Texas Insurance Code. Because Defendant's actions as described above were committed knowingly, and pursuant to §541.152, Plaintiff seeks to recover triple the amount of his actual damages.

Breach of Duty to Fairly Deal and Act in Good Faith

The evidence in this case establishes that Defendant breached its duty to act in good faith and fairly deal with Plaintiff in that Defendant has no reasonable basis for refusing to meet its obligations to pay under the Uninsured Motorist coverage. As a consequence, Defendant is liable for actual damages, punitive damages and other relief as pled for in this petition.

Unreasonable Delay in Payment of Claim

State Farm participated in the trial that was against Justin Chandler, was aware of the uninsured status, the finding of liability and the damages that were determined (as reflected in the award). State Farm was aware of the judgement that was entered against Justin Chandler and participated in that trial that culminated in the adjudicated value of Plaintiff's injury claim. Both Plaintiff and the original Court promptly notified State Farm (by and through its counsel) as the

Court's findings and adjudication of the liability and damages of Justin Chandler. Despite all this, State Farm failed to pay the uninsured benefits that were contractually and legally due to Plaintiff. All conditions precedent to the Defendant's obligation to pay the Plaintiff's losses under the policy of insurance were performed or did occur, Defendant failed and refused to pay Plaintiff's claim. Defendant's delay in paying the claim was unreasonable, unlawful, and actionable and the producing and proximate cause of the harm suffered by the Plaintiff.

Plaintiff wrote to Defendant, fully apprising Defendant of all the facts relating to the Plaintiff's claim under the policy of insurance as detailed above. Thereafter, State Farm (by and through its adjuster and attorney) acknowledged receipt the claim and pending lawsuit. Plaintiff fully cooperated with State Farm (by and through its adjuster and attorney) and, furnished State Farm (by and through its adjuster and attorney) all the items, statements, bills, and other papers requested. Notwithstanding such cooperation, the Defendant has failed to pay the fair value of the claim. Although more than 60 days has elapsed after State Farm (by and through its adjuster and attorney) had all the information necessary to pay the claim, State Farm (by and through its adjuster and attorney) failed, and still refuses, to pay the sums due. State Farm (by and through its adjuster and attorney) violated by failing to timely acknowledge, investigate, accept and pay the claim, described with more particularity above. Said conduct was a direct and/or producing cause of damages to Plaintiff. Defendant has violated the following provisions of Section 542 of the Texas Insurance Code:

1. 542.003(a)
2. 542.003(b)
3. 542.055
4. 542.056

5. 542.057

6. 542.058

7. 542.060

Accordingly, Plaintiff is entitled to recover the additional sum of 18 percent per annum and attorney's fees on Plaintiff's damages as described in this petition until the day before the judgment for Plaintiff is signed and entered. State Farm's (by and through its adjuster and attorney) conduct was performed knowingly and intentionally.

## IX.

### ATTORNEYS' FEES

Because of the conduct of the Defendant State Farm (by and through its adjuster and attorney), Plaintiff has been compelled to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorney in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court. Therefore, an award of reasonable attorneys' fees is authorized by:

a. §541.152 of the Texas Insurance Code [formerly Art. 21.21, §16(b) of the Texas Insurance Code];

b. §542.060 of the Texas Insurance Code [formerly Art. 21.55, §6 of the Texas Insurance Code];

c. §38.001 of the Texas Civil Practice and Remedies Code;

d. §17.50(d) of the Texas Business and Commerce Code;

e. By written contract by and between the parties; and/or,

f. Equity.

*EXHIBIT D*

## X.

### CONDITIONS PRECEDENT

Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

## XI.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that State Farm be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant State Farm (by and through its adjuster and attorney) for damages in an amount within the jurisdictional limits of the Court; together with all damages recoverable pursuant to all statutes cited herein, including, but not limited to treble damages; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; reasonable attorneys fees; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

CRIACO & ASSOCIATES

By: /s/ Adam P. Criaco

Adam P. Criaco
SBOT 05075770
519 N. Sam Houston Pkwy. E., Suite 500
Houston, TX 77060
Telephone: (713) 663-6600
Facsimile: (713) 663-7923
Eserve: adam.criaco@criacolaw.com

ATTORNEY FOR PLAINTIFF