**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELEAZAR CANTU, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3703 |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Eleazar Cantu, Jr., was injured when he fell off a truck driven by an uninsured

motorist. Mr. Cantu sued the driver, two other uninsured individuals, and State Farm, Mr. Cantu's

uninsured motorist insurer, in state court. After receiving a default judgment for $65,095.12 against

the three individual defendants, Mr. Cantu demanded that State Farm pay $30,000, the policy limit.

State Farm declined to pay, and Mr. Cantu sued. State Farm timely removed on the basis of diversity

jurisdiction. (Docket Entry No. 1).

State Farm has moved for partial summary judgment, arguing that it is not responsible for

paying the default judgment in the uninsured-motorist lawsuit because it did not consent to be bound

by that judgment. (Docket Entry No. 16). Mr. Cantu responded and cross-moved for partial

summary judgment, arguing that State Farm's knowledge of and participation in that lawsuit

indicated its consent to be bound by the default judgment. (Docket Entry No. 17).

Based on the pleadings; the motions, responses, and replies; the record; and the applicable

law, the court grants State Farm's motion for partial summary judgment and denies Mr. Cantu's

cross-motion. The reasons for these rulings are explained below.

**I.      The Legal Issue Presented and the Summary Judgment Standard**

1

Under Texas law, an insurer's obligation to pay under an uninsured-motorist policy does not arise until there is a judicial determination that an uninsured tortfeasor was negligent and caused the policyholder's damages, up to the policy limits.  *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).  Because the alleged tortfeasor's negligence and the plaintiff's damages are by definition uncontested when a default judgment issues, the default does not bind an insurer that does not otherwise consent to be bound by the proceedings.  *See, e.g.*, *U.S. Fire Ins. v. Millard*, 847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, no writ).

State Farm argues that it did not consent to be bound by the default judgment awarded to Mr. Cantu and that negligence and damages have yet to be judicially determined under Mr. Cantu's uninsured-motorist policy.  (Docket Entry No. 16).  The issue is whether, as Mr. Cantu claims, State Farm's participation in the uninsured-motorist lawsuit indicated its consent to be bound by the default judgment issued in that case.  (Docket Entry No. 17).

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions
of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Id.* (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice*, 783 F.3d at 536 (internal quotation marks and citation omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, the movant does not need to negate the elements of the nonmovant's case. *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the parties cross-move for summary judgment, the court must review "each motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010) (alteration omitted) (citation omitted). When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). In deciding a

summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

## II. Analysis

### A. State Farm Did Not Consent to Be Bound

In Texas, default judgments are not binding without the insurer's consent if the uninsured-motorist policy requires consent. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Azima*, 896 S.W.2d 177, 178 (Tex. 1995); *Millard*, 847 S.W.2d at 674; *Gov't Employees Ins. Co. (GEICO) v. Lichte*, 792 S.W.2d 546, 548 (Tex. App.—El Paso 1990, writ denied); *Criterion Ins. Co. v. Brown*, 469 S.W.2d 484, 484-85 (Tex. Civ. App.—Austin 1971, writ ref'd n.r.e.). Consent clauses "protect the carrier from liability arising from default judgments against an uninsured motorist or from insubstantial defense of the uninsured motorist." *Azima*, 896 S.W.2d at 178 (citing *Allstate Ins. Co. v. Hunt*, 469 S.W.2d 151, 153 (Tex. 1971)).

The State Farm policy stated that "[a]ny judgment for damages arising out of a suit brought without our consent is not binding on us. . . ." (Docket Entry No. 16 at 4). State Farm did not give written consent, but that is not required. (Docket Entry No. 19 at 2). Mr. Cantu instead asserts that State Farm's consent to the lawsuit was apparent from its participation in the suit against the alleged tortfeasors, including naming the three individuals as defendants, deposing the uninsured driver of the truck (one of the three named individual defendants), and appearing at the default-judgment hearing. (*Id*. at 3).

Mr. Cantu's arguments are unavailing. Even if unwritten, the insurer's consent must be

"expressly" given. *Nationwide Mut. Ins. Co. v. Patterson*, 962 S.W.2d 714, 717 n.5 (Tex. App.—Austin 1998, pet. denied). During the state-court proceedings, State Farm stated on the record that "by appearing [it was] not agreeing to be bound" by any default judgment entered in the proceedings. (Docket Entry No. 16 at 8). Mr. Cantu's attorney responded, "We're not contending State Farm is bound by [a default judgment]." *Id.* It is clear that State Farm expressly refused to be bound by a default judgment and that Mr. Cantu's attorney understood State Farm's position.

Mr. Cantu argues that although State Farm is "not liable for the actual Judgment," the default judgment nonetheless "trigger[s] State Farm's contractual duty to pay Plaintiff" the $30,000 policy limit because the default judgment exceeded that limit. (Docket Entry No. 17 at 13-14). But Texas law is clear that the contractual duty to pay under an uninsured-motorist policy does not arise until an adversarial proceeding establishes that a covered activity was negligently performed and caused covered damages within the policy limit. Mr. Cantu cannot recover the policy limit on the speculation that, when proven, the damages awarded will likely exceed State Farm's policy limit. Without State Farm's consent to be bound, the default judgment does not establish the damages amount Mr. Cantu's policy covered. Taking the facts in the light most favorable to Mr. Cantu, his argument against summary judgment on this ground fails.

**B.      Waiver of Consent Clause**

Mr. Cantu alternatively argues that State Farm's participation in the state-court proceedings waived the policy's consent requirement. (Docket Entry No. 17 at 9). Waiver requires the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." *Ford v. State Farm Mut. Auto. Ins. Co.*, 550 S.W.2d 663, 666 (Tex. 1977) (quoting *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967)). An unconditional denial of liability may waive a consent clause in an uninsured-motorist policy. *Id.*

5

Texas courts have consistently held that insurance providers do not waive the consent requirement by knowing about the suit or by entering a general denial. *See, e.g.*, *Soliz v. Cofer*, Civil No. 03-01-00246, 2002 WL 821909, at *4 (Tex. App.—Austin May 2, 2002); *Millard*, 847 S.W.2d at 674 (notice of a suit against an uninsured motorist did not waive the policy's requirement for the insurer's consent to be bound); *Lichte*, 792 S.W.2d at 548 (filing a general denial and counterclaim for a declaration of rights under the policy did not waive the consent requirement); *Criterion*, 469 S.W.2d at 485 (knowledge of the underlying suit was not equivalent to the consent to be bound by that suit the coverage policy required).

State Farm has not unconditionally denied liability. (*See* Docket Entry No. 17 at 8). State Farm's clear statement that it did not agree to be bound by the default judgment in the underlying lawsuit shows that State Farm did not waive the consent requirement. To the contrary, it has taken a consistent position on enforcing the consent clause. (Docket Entry No. 16 at 8). State Farm's knowledge of Mr. Cantu's suit against the uninsured motorists did not establish waiver. *See, e.g.*, *Soliz*, 2002 WL 821909, at *4; *Lichte*, 792 S.W.2d at 548. Mr. Cantu cites no authority for his argument that State Farm's limited participation in discovery in the state-court suit expressly waived the consent clause. (Docket Entry No. 17 at 9-14). The law is clear that State Farm's limited involvement did not express or establish waiver. Nor did that limited participation provide a basis to infer that State Farm controlled the underlying litigation or that its interests were adequately represented during the default-judgment hearing. *Soliz*, 2002 WL 821909, at *5 (the insurer was not bound by the default judgment against uninsured motorists even though the insurer was a party to the suit, because the insurer could not exercise control over the suit and its interests were not represented).

Mr. Cantu's arguments against summary judgment on this ground fail.

## C.    Collateral Estoppel

Mr. Cantu asserted that State Farm is collaterally estopped from contesting liability and damages.  (Docket Entry No. 17 at 16).  Texas law undermines his argument.  If a policyholder chooses to proceed without the insurer's consent, "any judgment obtained against the uninsured motorist will not be binding on the insurance carrier.  Liability and damages will have to be relitigated."  *Lichte*, 792 S.W.2d at 548 (citing *Criterion*, 469 S.W.2d at 485); *see also Soliz*, 2002 WL 821909, at *5 (the insurer "should not be estopped from relitigating the liability determinations in the default judgments").  Because State Farm did not consent to be bound by the default judgment and did not waive the consent clause, State Farm is not estopped from litigating liability and damages.  This argument against summary judgment also fails.

## III.    Conclusion

State Farm's motion for partial summary judgment, (Docket Entry No. 16), is granted.  Mr. Cantu's cross-motion for partial summary judgment, (Docket Entry No. 17), is denied.  The trial of State Farm's liability under the uninsured-motorist policy will proceed under the scheduling and docket control order previously entered by the court.  (Docket Entry No. 11).

SIGNED on June 7, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

7